893 A.2d 1189

**Margaret Ruth DEBOY**

v.

**CITY OF CRISFIELD, et al.**

No. 244, Sept. Term, 2005.

Court of Special Appeals of Maryland.

March 3, 2006.

552

Jeffrey White (Honick & White, PA, on brief), Salisbury, for appellant.

David L. Rubino (Amy L. Leone, on brief), Rockville, Craig T. Walsworth (Franklin & Prokopik, on brief), Easton, for appellee.

Panel DAVIS, EYLER, JAMES R., BARBERA, JJ.

EYLER, JAMES R., J.

This is a premises liability case, in which summary judgment was entered in favor of the owner and occupier of the property on the ground that the plaintiff was a bare licensee and, thus, not owed a duty to make the premises reasonably safe. We shall affirm the judgment.

## Factual Background

On March 2, 2004, Margaret Ruth DeBoy, appellant, filed a complaint in the Circuit Court for Somerset County against the City of Crisfield, Shore Stop of Crisfield/FAS Mart # 226, and GPM 1, LLC, appellees.[1]

Appellant alleged the following. On or about April 18, 2003, appellant was walking her dogs on property owned by GPM 1, LLC and improved by a convenience store, operated by Shore Stop of Crisfield/FAS Mart # 226. Appellant stepped on a water meter housing cover maintained by the City of Crisfield. The cover moved, causing appellant to fall and injure her left leg and knee. Appellant asserted that appellees had negligently failed to maintain the water meter housing and cover.

In February 2005, appellees filed motions for summary judgment on several grounds, including an assertion that appellant was a bare licensee and, thus, was not owed a duty to keep the premises reasonably safe. Appellant filed an opposition and a motion for partial summary judgment against the City of Crisfield on February 16, 2005. In the motion, appellant sought a determination of liability, relying in part on the doctrine of res ipsa loquitur. All parties relied heavily on appellant's deposition testimony.

In pertinent part, appellant testified to the following. Appellant, prior to the day of the occurrence, drove to Crisfield daily with her two dogs, parked, and walked the dogs. She generally walked the same route, which included walking across the Shore Stop property. On occasion, appellant pur-

---

1. Appellant later filed an amended complaint, but the amendment is not material to the issue before us.

chased newspapers or cigarettes. On the day in question, appellant did not intend to enter the store. While walking across the property, appellant stepped on a water meter cover, the cover came off, and her left leg went into the water meter housing.

By orders dated March 8, 2005, the circuit court denied appellant's motion and granted appellees' motions. The basis of the ruling was that appellant was at most a bare licensee and that appellees' conduct, based on the facts not in dispute, did not amount to wanton or willful misconduct.

## Standard of Review

Under Maryland Rule 2–501(e), the circuit court may enter summary judgment for the moving party if it determines there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Md. Rule 2–501(e); *Carter v. Aramark Sports & Entm't Servs., Inc.*, 153 Md.App. 210, 224, 835 A.2d 262 (2003); *Wells v. Polland*, 120 Md.App. 699, 707, 708 A.2d 34 (1998). In reviewing a circuit court's grant of summary judgment, we look to whether a dispute of material fact exists. *Lippert v. Jung*, 366 Md. 221, 227, 783 A.2d 206 (2001); *Carter*, 153 Md.App. at 224, 835 A.2d 262. We also seek to determine whether the court was legally correct. *Lippert*, 366 Md. at 227, 783 A.2d 206. The facts and inferences that can reasonably be drawn from those facts must be viewed in the light most favorable to the non-moving party. *Wells*, 120 Md.App. at 707–08, 708 A.2d 34; *Warner v. German*, 100 Md.App. 512, 516, 642 A.2d 239 (1994). Moreover, in analyzing the court's decision, we are generally confined to the bases relied on by the court, and will not affirm the grant of summary judgment for a reason not relied on by the circuit court. *Warner*, 100 Md.App. at 517, 642 A.2d 239 (citing *Geisz v. Greater Baltimore Med. Ctr.*, 313 Md. 301, 314 n. 5, 545 A.2d 658 (1988)).

Appellant's sole contention on appeal is that the circuit court erred as a matter of law when it held that appellant was not an invitee, but rather was at most a bare licensee. Thus, we need only determine whether the court was legally correct.

**Discussion**

 Appellant contends that the circuit court erred in granting summary judgment because appellant was an implied invitee, and thus, appellees owed her a higher duty of care. In negligence actions, the duty of care an owner or occupier of land owes a visitor varies, depending on whether the entrant is an invitee, licensee, or trespasser. *Rowley v. Mayor*, 305 Md. 456, 464, 505 A.2d 494 (1986); *Rehn v. Westfield America*, 153 Md.App. 586, 592, 837 A.2d 981 (2003); *Wells*, 120 Md.App. at 709, 708 A.2d 34; *Doehring v. Wagner*, 80 Md.App. 237, 243, 562 A.2d 762 (1989). The highest duty is that owed to an invitee; it is the duty to "use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the invitee] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover." *Rowley*, 305 Md. at 465, 505 A.2d 494 (citations omitted). By contrast, the landowner or occupier owes no duty to licensees or trespassers, except to abstain from willful or wanton misconduct or entrapment. *Wells*, 120 Md.App. at 710, 708 A.2d 34 (citing *Mech v. Hearst Corp.*, 64 Md.App. 422, 426, 496 A.2d 1099 (1985)).

 Invitee status can be established under one of two doctrines: (1) mutual benefit or (2) implied invitation. *Wells*, 120 Md.App. at 710, 708 A.2d 34; *Howard County Bd. of Educ. v. Cheyne*, 99 Md.App. 150, 155, 636 A.2d 22 (1994). Under the mutual benefit theory, the invitee generally enters a business establishment for the purpose of purchasing goods or services. 120 Md.App. at 710, 708 A.2d 34. This theory places great weight upon the entrant's subjective intent, and inquires into whether the entrant intended to benefit the landowner in some manner. *Id.*

 By contrast, the implied invitation theory is objective and does not rely on any mutual benefit. *Id.* Rather, the circumstances control, such as custom, habitual acquiescence of the owner, the apparent holding out of the premises for a particular use by the public, or the general arrangement or design of the premises. *Id.* at 710–11, 708 A.2d 34. The gist

of the implied invitation theory is the distinction between mere passive acquiescence by an owner or occupier in certain use of his land by others and direct or implied inducement. *Crown Cork & Seal Co. v. Kane,* 213 Md. 152, 160, 131 A.2d 470 (1957); *Cheyne,* 99 Md.App. at 156, 636 A.2d 22. Furthermore, to be considered an invitee under this theory, it is necessary that

> the person injured did not act merely on motives of his own ... but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used.

*Kane,* 213 Md. at 160, 131 A.2d 470 (quoting *Kalus v. Bass,* 122 Md. 467, 473, 89 A. 731 (1914)).

 Section 332 of the Restatement (Second) of Torts further explains the difference between invitation, on the one hand, and mere permission or acquiescence, on the other hand.

> [A]n invitation is conduct which justifies others in believing that the possessor *desires* them to enter the land; permission is conduct justifying others in believing that the possessor is *willing* that they shall enter if they desire to do so.... Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee ... but it does not make him an invitee, even where his purpose in entering concerns the business of the possessor.

Restatement (Second) of Torts § 332 cmt. b (1965) (emphasis added). Furthermore,

> [i]n determining whether a particular person is an invitee, the important thing is the desire or willingness to receive that person which a reasonable man would understand as expressed by the words or other conduct of the possessor.... Thus the fact that a building is used as a shop gives the public reason to believe that the shopkeeper desires

them to enter or is willing to permit their entrance, not only for the purpose of buying, but also for the purpose of looking at the goods displayed therein or even for the purpose of passing through the shop.

*Id.* cmt. c. By contrast, "[a] licensee is one privileged to enter another's land by virtue of the possessor's consent, for the licensee's own purposes." *Kane*, 213 Md. at 157, 131 A.2d 470 (quoting *Peregoy v. Western Md. Ry. Co.*, 202 Md. 203, 207, 95 A.2d 867 (1953)); *see also* Restatement (Second) of Torts § 330 (1965).

*Crown Cork & Seal Co., Inc. v. Kane* is the seminal Maryland case on the implied invitation theory. 213 Md. 152, 131 A.2d 470 (1957). In that case, the plaintiff truck driver, who as part of his employment had gone on a number of occasions to defendant's warehouse to pick up or deliver loads, walked to the cellar of the warehouse to smoke. *Id.* at 155, 131 A.2d 470. He knew that smoking was not allowed anywhere else on the warehouse grounds and had been told by warehouse employees to go to the cellar to smoke. *Id.* at 156, 131 A.2d 470. On his way back from the cellar, he was struck and injured by a loaded fork lift truck. *Id.* He argued the defendant company was negligent because he, the plaintiff, was an invitee under the implied invitation theory, and the defendant had failed to use reasonable care. *Id.* at 156–57, 131 A.2d 470. The Court of Appeals agreed that there was sufficient evidence to support a theory of implied invitation because there was evidence that the room was set aside specifically for smoking, that its location was made known to the plaintiff, that it was habitually used by visiting truckers, and that this fact was known to the foreman and other employees. *Id.* at 162, 131 A.2d 470.

In this case, it is clear that appellant is not an invitee under the mutual benefit theory. Moreover, appellant only argues on appeal that she is an implied invitee; she does not argue that she is an invitee under the mutual benefit theory. Therefore, the sole question before us on appeal is whether appellant is an invitee under the implied invitation theory.

Appellant argues she is an invitee because Shore Stop holds its property open to the public in the hope that members of the public will purchase something at the store. Moreover, Shore Stop induces passers-by with their "inviting ads" to stop in on impulse and buy something. Appellant asserts that she may have decided, while walking her dogs on the store property, to stop in and purchase something, as she has in the past. Appellant, however, specifically and unequivocally stated in her deposition that she had no intention of stopping at the Shore Stop to purchase anything. Rather, she was on the property for the sole purpose of walking her dogs. Furthermore, there is no evidence to indicate that the Shore Stop intended or designed its property to be used by visitors for the purpose of walking their dogs. Thus, appellant was on the property solely for her own purposes, and although appellees may have acquiesced to her use of the property, appellant cannot be considered an invitee under the implied invitation theory.

This case is distinguishable from *Kane* because, in *Kane,* the room from which the truck driver was returning had been specifically designated as a smoking room, and the court found that the landowner intended and encouraged all smokers to use only that room for smoking, and the plaintiff had in fact been invited by an employee to enter that room. In this case, however, there is no indication that Shore Stop intended, let alone induced, visitors to use its property for dog walking. The circuit court was therefore legally correct in concluding that appellant was at most a bare licensee, and thus, appellees owed her no duty beyond abstaining from willful and wanton misconduct.

Furthermore, appellant does not dispute the circuit court's conclusion that appellees' actions did not amount to wanton or willful misconduct. Thus, because we agree with the court that appellant was at most a bare licensee, we affirm the judgment.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**